## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVON S. BLACKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-10-105-FHS-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

The claimant Lavon S. Blackman requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991).   Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on October 20, 1963 and was forty-five years old at the time of the second administrative hearing (Tr. 51).   She has an eleventh grade education and previously worked as a home health aide (Tr. 66).   The claimant alleges she has been unable to work since May 10, 2004 due to shoulder decay, left hip decay, scoliosis, and rheumatoid arthritis (Tr. 51, 65).

### Procedural History

The claimant initially applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on August 11, 2005, and later amended to apply for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85.   Her applications were denied.   ALJ John Volz conducted an administrative hearing on the claimant's Title II application and found that she was not disabled in a decision dated July 13, 2007.   The Appeals Council denied review, but this Court reversed the decision of the Commissioner in Case No. CIV-07-392-JHP-KEW and remanded the case for further proceedings.   The ALJ conducted another administrative hearing and denied both the claimant's Title II application and her Title XVI application in a written decision dated October 16, 2009 (Tr. 262). The Appeals Council again denied

review, so the October 16, 2009 decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981; 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), limited to: (i) lifting up to ten pounds occasionally, standing/walking occasionally, and sitting for up to six hours total in an eight-hour workday; and, (ii) performing only simple routine tasks (Tr. 257). The ALJ concluded that although the claimant could not return to any past relevant work, she was nevertheless not disabled because there was other work she could perform, *e. g.*, order clerk and clerical mailer (Tr. 261).

### Review

The claimant argues that the ALJ committed reversible error by failing to properly consider "other source" evidence, *i. e.*, an opinion from the claimant's treating provider Kristen Adunko, P.A. as to her functional limitations. This argument has merit, and the decision of the Commissioner should therefore be reversed and the case remanded to the ALJ for proper consideration of such evidence.

The record reveals that claimant received treatment from Northeastern Community Health Centers (NCHC) beginning in January 2006, at which time the claimant was consistently seen by Ms. Adunko. At her initial appointment, claimant was noted to be suffering from polyarthralgias, hypertension, and back pain, and had positive Phalen's

and Tinel's tests (Tr. 200). In May 2006, the claimant complained of pain in her left leg and arm and reported some trouble walking. In September 2006, the claimant suffered a bout of shingles and complained that her hands were badly hurting (Tr. 194). The claimant complained of itching sensations and swelling "all over" in January 2007, and three months later, she reported sore joints in her feet (Tr. 190, 192).

Ms. Adunko completed a medical source statement on May 11, 2007. She wrote that the claimant was limited to sitting for 6 hours and standing and walking for 1 hour out of an eight hour workday (Tr. 183). Further, she noted that claimant could frequently lift and/or carry up to 5 pounds and occasionally lift/carry up to 10 pounds, and she was limited in her ability to operate controls (both pushing and pulling) in her left leg (Tr. 183-84). Ms. Adunko also opined that claimant should never bend, squat, crawl, or climb, and only occasionally reach; finally, Ms. Adunko stated that the claimant had marked restriction in activities involving unprotected heights, moderate restrictions in activities involving being around moving machinery and exposure to marked changes in temperature and humidity, and mild restrictions in activities involving exposure to dust, fumes, and gases, and driving (Tr. 184).

In his initial opinion denying benefits under Title II, the ALJ summarily rejected Ms. Adunko's opinions about the claimant's functional limitations, giving them "very little weight" because he found them to be unsupported by other medical evidence. On appeal in Case No. CIV-07-392-JHP-KEW, this Court specifically disapproved the ALJ's analysis and instructed him to "re-evaluate Ms. Adunko's opinions in light of the totality

of the record and specifically set forth the weight afforded her opinions and his reasoning

for doing so." (Tr. 273).  Further in this regard, Social Security Ruling 06-03p "specifies

that the factors for weighing the opinions of acceptable medical sources set out in 20

C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical

sources who are not 'acceptable medical sources' as well as from 'other sources' [and]

instructs the adjudicator to explain the weight given to opinions from these 'other

sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent

reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on

the outcome of the case." *Franz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007).  Thus,

the  ALJ should have considered the totality of the evidence in light of the following

factors: (i) length of time and frequency of treatment; (ii) consistency between the

opinion and the evidence of record; (iii) whether the opinion is supported by other,

relevant evidence; (iv) how well the opinion is explained by the offering source; (v) the

source's area of expertise in relation to the subject of the opinion; and, (vi) any other

factors which tend to support or refute the opinion. *See Watkins v. Barnhart*, 350 F.3d

1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th

Cir. 2001).

The ALJ did not, however, explicitly consider *any* of the factors enumerated by

Soc. Sec. Rul. 06-03p in analyzing the weight to give Ms. Adunko's opinions about the

claimant's functional limitations.  It might arguably be inferred from the ALJ's reference

to negative laboratory tests for rheumatoid arthritis that he considered the consistency of

-6-

Ms. Adunko's opinions with other medical evidence, but if so the ALJ clearly failed to follow the Court's instructions in Case No. CIV-07-392-JHP-KEW to "re-evaluate Ms. Adunko's opinions in light of the totality of the record" (Tr. 273) because he apparently ignored supportive medical evidence on this point, *i. e.*, records from Dr. Lawrence A. Jacobs, M.D. of Rheumatology Associates showing claimant was positive at 14 of 18 tender points for fibromyalgia, decreased range of motion and tenderness upon examination, and that her lab reports were positive for early rheumatoid arthritis (Tr. 137-38). *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.").

In summary, the ALJ failed to consider the claimant's "other source" evidence in accordance with the governing authorities and "in light of the totality of the record" as instructed by this Court in Case No. CIV-07-392-JHP-KEW.  Consequently, the decision of the Commissioner should be reversed, and the case should be remanded to the ALJ for proper consideration of this evidence.  If such consideration results in any adjustments to the claimant's RFC, the ALJ should re-determine what work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 14th day of September, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma